- Judge Underwood,
delivered the opinion of the court.
Johnson filed his bill in the general court against Banks and against John Preston, and William Munford as executors of John Radford, deceased, and against Rebecca Radford, and the heirs of Geddes Winston, deceased, whose names aré charged ih the-bill to be unknown, except said. Rebecca. Johnson claimed three-sevenths of five thousand acres of land, ■entered and patented in the name of Geddés Winston, and with which Banks had an interfering claim held under John Fowler, by virtue of an elder grant. Johnson’s object was to compel Banks to relinquish his legal title "on account of the superior equity foun *650 ded on the entry in the name of Winston. Johnson set out his derivation of title, by charging, that John Radford, a son-in-law of Winston, purchased from the heirs of Winston, two-sevenths of the five thousand acres, and that he purchased those two-sevenths from the executors of said Radford; that Mrs. Radford, as one of Winston’s heirs owned one-seventh of the five; thousand acres, and that he purchased from her that. seventh. Johnson exhibits a deed executed to him, by said Preston, Munford and Rebecca Radford by their attorney in fact, John Radford, for the three-sevenths of the tract claimed by him. Certain persons representing themselves as the heirs of Gcddes Winston, file an answer to Johnson’s bill, confessing its truth. They pray that their answer maybe received as a cross bill, or as a bill of inter-pleader, and that they may be consideredas jointcomplainants with Johnson, and that their interests may be protected by the decree to be rendered. Banks objected to this paper being used for any purpose, for many reasons; among others, because it was not sworn to, and because it wras prepared by the counsel for the complainant. Johnson after this, filed an amendment to his bill, in which he sets out the names of G. Winston’s heirs, differing in names from those who had answered, and desired to be united with him, as co-complainants. The court appointed the complainant’s counsel guardian ad litem for three of them. And the complainant’s counsel as guardian for these three, and apparently as counsel for the others', who were adults, filed a joint answer for the whole, which was not sworn to. Upon the trial of the cause, the court overruled all objections made to the complainant’s title papers and proceedings, and rendered a ■decree in his favor.
In thfl derivation of title to land through. . executors, th'e'. will, by which they aro authorized to dispose of the1 real estate, 5 ' should be .. exhibited, and-under a deed executed by an attorney,', the power of ■ attorney should be v also exhibited.
Without adverting to the merits of the conflicting claims, we do not hesitate to pronounce the proceedings "of the complainant, and the court, as exhibited in the foregoing statement, unauthorized by the principles of lave. Johnson failed to exhibitthe willofRadford. ltdoes not therefore appear, that his executors were authorized to sell the two-sevenths of the five thousand acres, which the bill alleges Radford bad purchased from the heirs of G. Winston. Johnson likewise failed to exhibit the power of attorney from Preston and Munford, the executors to John Radford, in virtue of which he *651 undertook to convey for them. If tbe executors liad-a right under the will of their testator to sell the land, and to appoint an attorney in fact to act for them, power under which the attorney acted would constitute an essential link in the chain of title.- Without it,., the deed exhibited amounts to no more than blank paper. The deed or evidence of the testator’s purchase • from the heirs of Winston, was not shown.. Inas • much therefore, as Johnson did not exhibit a regular • derivation of title by deed, he could only supply his omission, by making all necessary parties, and acting upon their confessions or proof of the allegations of his bill. He has failed to make the heirs of John Rad-ford, deceased, the alleged purchaser of two-sevenths of the live thousand acres, defendants. In the present attitude of the case, they were necessary parties. It is true, that some of his children seem to have been made defendants as heirs of Geddes Winston, their grandfather; but it may be, that John Radford had children by another wife. There is no proceeding against his heirs as such, and in this respect, there is a defect in parties.
To prove a the heirs of another, the him*!’ self toa narration of the relationship,, and should "e^eraHerms that the per-’ sons meheirs*.
The proof made by a witness, as to the heirs of G. Winston, is insufficient. The witness undertakes to decide matters of law, by stating, in relation to several individuals, that they are heirs, whereas he should have confined himself to the facts, stating the relationship, leaving it to the court to decide who were the heirs; see Taylor vs Whiting, &c. IV Monroe, 367. But even if the proof was all regular, and subject to no just exception, we are of opinion, that those charged in the bill to be the heirs of G. Winston, were not properly before the court. There was no service of process, actual or constructive. The court appointed the complainant’s counsel guardian ad litem for three of those made defendants by the amended bill, and he filed an answer for the whole, which was not sworn to. This answer confesssing the truth of the allegations of the bill, constituted the only appearance of the defendants, who are charged to be non-residents. We cannot tolerate the proceeding. Although every thing may have, been conducted with fairness in this case, yet if the practice were sanctioned, to permit the complainant’s counsel to file an answer without oath for the der *652 fendants; and to consider such answer an appearance for the defendants, it would tend to very injurious con-_ sequences. Few complainants would ever loose their suits, under the operation of such a rule; and there are but few complainants, who could not procure’an answer from defendants by some attorney. It is much safest to require the service of process personally, or that, publication should be made. The law provides for these; the other course is arbitrary. We do not intend to say, that service of process personally or constructively by publication, is, in every case, indispensable.
When the defendants personally appear in court, and enter an appearance, or where their answers are sworn to and filed, service of process may be dispensed with, and waived. "
Where a bill is filed, and the defendants personally " appear in court and enter an appearance, or where their answers are regularly sworn to and filed, service of process might be dispensed with. There is nothing in the present case, which shows that the defendants were-informed of the proceedings against them, unless the answer filed by the complainant’s attorney, is received as evidence. We will not take it as evidence under the circumstances of this case, and substitute it for the service of process in the manner required by law.
It is said in Bacon, under the title, infancy and age, letter K. that “if a guardian put in an answer to a bill in chancery, for an infant on oath, such -answer shall not conclude the infant, nor be read in evidence against him; for the effect of an infant’s answer to a bill in chancery, is to no other purpose, than to make proper parties, so as to have an opportunity to take depositions, and to examine witnesses to prove the matter in question.
Where defendants come into court personally, and enter an appearance and where their answers are filed, regularly sworn to, it is obvious that they waive the service of process in the manner required by law. In this case, we cannot conclude, that the requisites of the law have been waived. We will "not suffer the complainant’s counsel to do it for the defendants in their absence. If the heirs of Winston had denied the allegations of the bill, it is very clear, that the complainant must have failed, without the production of evidence, which was not furnished. To decree in favor of a complainant, without evidence sustaining his bill, it *653 should be clearly shown, that the defendants by their default, authorized the allegations of the bill to be taken for confessed, or that by their answer they had confessed the truth of the allegations. In this case, the defendants are not in default. The answer put in for them, is not sufficient evidence under the circumstances of their confession of the truth of the allegations. It follows, that the complainant did not show himself entitled to any interest in Winston’s entry, because his heirs were never properly before the court. As Banks denied his equity, he was bound to make it out, and sustain it legally before he could succeed against him. The complainant therefore, established no right to a decree against Banks, until he had derived his equity from Winston’s heirs. This he has not done.
In general, it is irregular to^ appoint á guardián ad fants, until* they have the court by service of process, Hcatioif is obtained at the Ís23'and^he printer certifies under the date of August L824,' ¡jlat ha? efftwo* *S " months suc-cesuvely; the. because the certificate publication] may have pearance temn
In general, we deem it irregular to appoint a guardian ad litem for infants, until they have been brought into court by persona] or constructive service of process,
The decree in Johnson’s favor must be reversed, and the cause remanded with directions to dismiss the bill without prejudice, unless he shall within a reasonable time, bring all necessary parties properly before the court, and for such other proceedings not inconsistent herewith, as may be equitable. .
Parberry’s heirs filed their bill against Banks and Winston’s heirs, claiming two thousand acres of the five thousand acres. Tneir suit was consolidated with Johnson’s, and both tried together.
The principles settled in the case of Banks vs. Johnson, are applicable to the case of Banks vs. Parberry’s heirs. Parberry’s heirs obtained ah order of publication against Winston’s heirs at the January term, 1823. The editor and printer certifies under date of August, 1821, that it had been published two months successively. This may be true, and the publication may have been made after the appearance term. The printer’s certificate is insufficient to show a compliance with the law. Besides, the order of publication was not made against all those, who, by the amended bill are made defendants, as heirs of Winston. The decree in this case is likewise reversed, and the cause re-mantled, with directions to dismiss the hill without *654 prejudice, unless the complainants shall, within a rea sonable limp, bring all necessary parlies properly be-p0 e Ljle coart, and for such other proceedings not inconsistent he.e.vith, as may be equitable.
Hoggin, for plaintiff; Wicklijfe and Wooley, for defendants.
Banks must recover costs in both cases.